METROPOLITAN SECURITIES CORPORATION v. JACOB BELSKY (IMPLEADED, ETC.).

Submitted January 25, 1929—Decided October 14, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff, *Harold Simandl.*

For the defendant, *John W. Ockford.*

Per Curiam.

The question in the case, which is one almost altogether of fact, is whether proper notice was given to the defendant as the endorser on a promissory note. There was some dispute at the trial with respect to the presentment of the note for payment but that point is now waived and the only question now pressed relates to the matter of notice.

Belsky did not add his address to his endorsement and therefore, in the ordinary course of events, the notice intended for him and made out by the notary of the Plainfield bank where the note was made payable, was sent by that bank to a bank in Bayonne, and the latter bank sent out the notice to the plaintiff who was then holder.

No claim is made that Belsky ever received this notice; but the plaintiff's case rested on the claim that one Mischkin, president of the plaintiff, learned of the non-payment of the note on the day after it was presented and immediately sent an independent notice to Belsky at his proper address in Weehawken. A copy of the alleged notice as printed in the case contains the correct address.

It is not seriously suggested that this notice, if sent, was sent out too late.

In fact, if so sent, it would normally have reached Belsky a day sooner than the notice made out by the notary. The presentment was properly made on May 31st and the notary sent his notices to the Bayonne bank on that day so that they should have reached the bank on June 1st, and the bank should have sent them immediately to Mischkin, who, in all probability, would not have received them until June 2d. Consequently, if Mischkin, learning of the non-payment on June 1st from Bayonne bank, had immediately sent his own notice to the defendant, it would be within due time.

The only question therefore is whether the jury went astray in believing the testimony of Mischkin about sending out this notice. His testimony is attacked in the brief as incredible, but we are unable to say on this rule that it was unworthy of credit. The plaintiff was a finance corporation dealing habitually in paper of this kind and dealing with customers

of all classes. It may well be that in self protection, the plaintiff corporation took no unnecessary chances with respect to endorsers on its paper. Furthermore, it is pointedly suggested that if Mischkin was going to swear falsely about sending out the notice from his own office, he might with equal plausibility have sworn to sending out the notices received from the bank.

The rule to show cause will be discharged.